*E-FILED:  June 25, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUIANG DENG and ZHU CHEN, individuals, | No. C12-03234 HRL |
| Plaintiffs, v. | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| GEETESH GOYAL, an individual, and DOES 1-10, inclusive, | **REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |
| Defendants. | |

Geetesh Goyal and Vikram Dhaliwas[1] removed this unlawful detainer action from the Santa Clara County Superior Court.  For the reasons stated below, the undersigned recommends that this matter be remanded to the state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint.  28 U.S.C. § 1441.  The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction.  FED. R. CIV. P. 12(h).  A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

---

[1] Dhaliwas was not named in the unlawful detainer complaint.  He says that he filed a pre-judgment claim to right of possession on June 21, 2012.

Goyal and Dhaliwas fail to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Goyal and Dhaliwas claim that plaintiffs violated federal law by failing to properly serve notice to vacate the premises. They also contend that Goyal's mortgage is "federally related" because it was regulated by federal law. Plaintiffs' complaint, however, presents claims arising only under state law. It does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Diversity jurisdiction under 28 U.S.C. § 1332 is not asserted, but there appears to be no basis for it in any event. The complaint indicates that the amount demanded does not exceed $10,000. And, the record presented suggests that Goyal and Dhaliwas are California citizens. An action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. FED. R. CIV. P. 72.

SO ORDERED.

Dated: June 25, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-03234-HRL Notice has been electronically mailed to:

2  Jeffrey Paul Widman     jpwidman@comcast.net

3  Kristin Lynn Crone     kristin@theufan.com

4  Timothy D. Widman     tdwidman@comcast.net